24248

In the Matter of Jerry M. SCREEN, Respondent.

(458 S.E. (2d) 39)

Supreme Court

*Charles M. Condon, Atty. Gen. J. Emory Smith, Jr., Asst. Deputy Att. Gen.,* and *Charles H. Richardson, Asst. Atty. Gen.,* Columbia, *for complainant.*

*Desa A. Ballard,* Barnwell, *for respondent.*

Submitted Mar. 13, 1995.

Decided May 8, 1995.

*Per Curiam:*

In this attorney grievance matter, respondent conditionally admits the allegations against him and consents to a public reprimand. We accept the conditional admission and publicly reprimand respondent for his misconduct.

Respondent was retained by Cassandra Green to pursue a wrongful death claim on behalf of her son, LaShon Green, who was alleged to be the son of the deceased, John I. Sept. Prior to the conclusion of the hearing in an action to determine LaShon's paternity, an agreement was reached whereby LaShon and Lela Minus, Sept's mother, would share equally as beneficiaries of the wrongful death action.

A settlement negotiated by respondent was approved by the probate court in the wrongful death action filed by Sept's estate on October 8, 1987. The structured settlement provided for a $175,000.00 immediate cash payment as well as other payments to Sept's mother, to Ms. Green, and to LaShon on designated dates. Respondent deposited the $175,000.00 into his trust account and did not provide an accounting of the distribution of the lump sum payment. Respondent further failed to adequately inform Ms. Green of the status of the case or the terms of the settlement and did not respond to Ms. Green's telephone calls and inquiries concerning the case.

Respondent erroneously calculated the value of the structured settlement and the attorney's fees due him. After much litigation between Ms. Green and respondent over the attorney's fees retained by respondent, the matter was referred by the circuit court for final determination by an arbitrator on March 26, 1993. An agreement was reached between the parties on August 4, 1994, that respondent and his co-counsel owed LaShon a refund of $35,000.00. This amount, representing the difference between th amount due for attorney's fees and the amount collected by respondent, was to be paid over a period of sixty months, in equal monthly installments, with the unpaid balance bearing an 8% interest rate. All previous orders in the matter were vacated and all claims filed in relation to this matter were required to be dismissed. The settlement agreement was approved by the arbitrator.

By his conduct, respondent has negligently calculated and collected an excessive fee; failed to maintain the identity of client funds; failed to safely maintain funds of clients or third persons; failed to promptly deliver funds to clients or third persons; and neglected a legal matter entrusted to him. He has engaged in conduct which is prejudicial to the administration of justice; adversely reflects on his fitness to practice law; tends to pollute the administration of justice; and brings the courts or legal profession into disrepute. Accordingly, we publicly reprimand respondent for his misconduct.

Public reprimand.

FINNEY, C.J., not participating.